YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
HASAN SIDDIQUI▲
RAMI SALIM▲▪

▲ NJBar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

**Stein | Saks, PLLC**

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

March 12, 2025

**VIA ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York

    Re:    *Hernandez v. Cleo Holdings, Inc.*
              Case No. 1:24-cv-05352-AMD-JRC

Dear Judge Donnelly:

    As counsel for Plaintiff, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith. Plaintiff respectfully submits that the interest of justice support allowing the decree to be submitted now so that it will be able to obtain the protection against potentially copycat claims which the decree is designed to afford.

    Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which has been fashioned as a reasonable resolution of the plaintiff's claims.

    The enclosed Consent Decree "(1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction, (2) comes within the general scope of the case made by the pleadings, and (3) furthers the objectives of the law upon which the complaint was based." *Kozlowski v. Coughlin,* 871 F.2d 241, 244 (2d Cir. 1989) (internal bracketing omitted) (citing *Local Number 93*, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 525 (1986)); accord, Crosson v. Popsockets LLC, No. 19-cv-200 (CBA)(LB), 2019 WL 6134416, at *2 (E.D.N.Y. Oct. 8, 2019), adopted by 2019 WL 6134153 (Nov. 19, 2019); Riverkeeper, Inc. v. MLV Concrete Inc., No. 14-cv- 3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017), adopted by 2017 WL 3172859 (July 25, 2017). See also, Figueroa v. Arhaus, LLC, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16)

(applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits have been a recurring problem in similar matters handled by my law firm and other attorneys defending these matters around the country. However, the decree does not prevent intervenors from seeking relief if they contend it is not being complied with. *Hanyzkiewicz v. Allegiance Retail Services, LLC,* 2023 WL 2758355 (S.D.N.Y., April 3, 2023). The All Writs Act empowers a district court to enjoin actions by a nonparty when necessary to protect the court's jurisdiction over a consent decree. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 911 F. Supp. 743, 750 (S.D.N.Y.), *aff'd,* 96 F.3d 653 (2d Cir. 1996). The Hanyzkiewicz court held on that basis that the court may enjoin the pursuit of a parallel action seeking injunctive relief with respect to a dispute that is already the subject of a consent decree before another court and require the plaintiff to file a motion to intervene when pursuit of the parallel action "could frustrate the consent decree." 2023 WL 2758355, at *3.

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above. Thank you for your attention to this matter.

> Respectfully submitted,
>
> STEIN SAKS, PLLC
>
> */s/ Rami Salim*
> Rami M. Salim, Esq.

cc: Counsel of Record (via ECF notification)